## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

PHEARN M. BUTLER,

      **Plaintiff,**

v.                                                                    **Case No. 13-2214**

EAST CENTRAL COMMUNITY
ACTION AGENCY,

      **Defendant.**

### REPORT AND RECOMMENDATION

On February 6, 2014, Plaintiff filed an Amended Complaint (#9), in which she makes various allegations of discrimination and retaliation in the workplace. Jurisdiction is proper because Plaintiff's claim raises a federal question. *See* 28 U.S.C. § 1331.

On February 20, 2014, Defendant moved to dismiss or strike Counts II and III and portions of Count I of Plaintiff's Amended Complaint (#11). Plaintiff responded (#18) on March 14, 2014, and Defendant was granted leave to reply, and did so (#20) on April 8, 2014.  On June 3, 2014, Plaintiff was granted leave to amend her response, and an Amended Response (#24) was filed. As further explained below, the Court has carefully considered the parties' arguments and recommends that Defendant's Motion **(#11)** be **DENIED**.

### I.      Background

The Court takes the following background from Plaintiff's Amended Complaint and the documents she attaches in support, accepting all well-pleaded factual allegations as true. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). In January 2013, Plaintiff was put in charge at her workplace (Defendant, the "Agency") by the CEO, who was taking medical leave. In February 2013, while she was still in charge, Plaintiff was made aware of an allegation of fraud within the Agency. Plaintiff promptly informed the CEO of the allegation, and was told that he would attend to the issue upon his return to work. In March 2013, the Agency's Board of Directors (the "Board"), was made aware of the allegations of fraud. Also in March 2013,

Plaintiff's salary was reduced due to budget constraints, while her male peer's salary was not reduced. She also notified the Board Chairman of certain concerns she had about harassment from this male peer.

On April 26, 2013, Plaintiff was placed on administrative leave for allegedly violating Agency policy. On March 9, 2013, Plaintiff was informed that she would be allowed to work until May 31, 2013, after which time she would be terminated. Plaintiff retired prematurely in May 2013. In response to these events, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). Plaintiff received a right to sue letter on July 5, 2013, and followed the instant suit in this Court in October 2013.

The Amended Complaint alleges discrimination and retaliation in the workplace. In Count I, Plaintiff alleges sex discrimination, including 1) a reduction in pay, not matched by a similar reduction to a male colleague's salary, 2) accusations that she violated an Agency policy, 3) placement on administrative leave for the alleged violation, and 4) discharge due to being "forced" to retire involuntarily. In Count II, she alleges that she was discriminated against when her employment was terminated because of her age, as she was sixty-two at the time. In Count III, Plaintiff alleges that the termination of her employment constituted retaliatory discharge, in violation of Illinois tort law.

## II.     Legal Standard

Defendant seeks dismissal of portions of Plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings. *See Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

### III. Analysis

Defendant moves to dismiss Count II, age discrimination, and to strike portions of Count I, sex discrimination, because the EEOC charge filed against Defendant was significantly narrower than the allegations in the Complaint. Defendant moves to dismiss Count III, common law retaliatory discharge, because Plaintiff submitted her notice of retirement prior to the recommendation that she be terminated made by the Agency's Board of Directors and because she fails to identify a clearly-stated public policy that was violated by the alleged discharge.

**EEOC Charge**

As a rule, a plaintiff may not advance a Title VII claim in court unless she included the claim in her EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." (internal quotation marks omitted)). The charge requirement "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted).

Nevertheless, a significant exception to this rule exists: a plaintiff may bring claims not included in her EEOC charge if they are "'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Moore*, 641 F.3d at 256 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore*, 641 F.3d at 257 (quoting *Cheek*, 31 F.3d at 501). The "like or reasonably related" standard is intended to be "a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (citing *Jenkins*, 538 F.2d at 167-68). A plaintiff need not "artfully draft the allegations in her EEOC charge" but "must at least have described, with some degree of specificity, the conduct she considered discriminatory." *See Cheek*, 31 F.3d at 502.

Additionally, the Seventh Circuit has recognized that "'[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations.'" *Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) (quoting *Cheek*, 31 F.3d at 502). In *Vela*, the Court cited to several cases in which an affidavit or questionnaire, submitted the same day the charge was filed, was recognized as part of the charge. *Id.* (collecting cases).

The EEOC Charge attached to the Complaint alleges that Plaintiff was discriminated based on sex and age. In the section that asks for particulars, Plaintiff stated:

> I was hired by Respondent on or about October 12, 1998. My current position is Associate Director. During my employment, I was subjected to harassment. I complained to Respondent to no avail. On or about April 26, I was placed on administrative leave for alleged misconduct.

> I believe I have been discriminated [*sic*] because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my age, 62 …, in violation of the Age Discrimination in Employment Act of 1967, as amended.

Defendant argues that Plaintiff has failed to exhaust her administrative remedies, as the formal charge does not include her Count I claims of disparate pay reduction and discriminatory

discharge because of sex or her Count II claims of discriminatory discharge and because these claims are not reasonably related to the EEOC discrimination charge.

Attached to the charge, however, is a letter from Plaintiff to the EEOC titled "Exhibit A" and dated the same day as the charge. In it, Plaintiff complains, in part, that her salary was reduced in March 2013 by 10% along with other female employees' salaries, but that a similarly-situated male employee was not subject to the reduction. She also complains that she felt she had no choice but to retire early, and that she was told that the Agency would only accept her retirement notice if she agreed to sign a release wherein she relinquished her rights to sue. Additionally, she complains that she was put on administrative leave. Without more factual background related to the transmission of the letter to the EEOC, it is impossible for this Court to determine whether the letter was attached as further information to the charge, or if not, whether other circumstances make it clear that Plaintiff intended that the EEOC investigate the allegations made therein. Therefore, at this stage of proceedings, it would be inappropriate to dismiss or strike Counts I and II. Nothing in this recommendation, however, would prevent Defendant from raising these issues in a motion for summary judgment.

**Retaliatory Discharge**

Defendant has also moved to dismiss or strike Plaintiff's Count III, which alleges state common law retaliatory discharge. Defendant argues that because Exhibit 3 to the Complaint includes allegations that she put in her retirement notice on May 2, 2013, one week before she learned that the Board recommended her termination, Plaintiff cannot prevail on a retaliatory discharge claim because she was not actually discharged. However, at several places in the same document, Plaintiff alleges that she felt she "had no other choice" but to retire before she had planned to, and that Defendant informed her that it would accept her retirement notice only on the condition that she sign a waiver releasing her rights to sue the Agency. If she did not sign it, she would be terminated. Given that this issue is raised in the context of a lawsuit, and that, in a motion to dismiss, the Court must construe all allegations in the light most favorable to the non-movant, these allegations suggest that Plaintiff may be able to prove actual discharge. While the facts may show that Plaintiff's retirement notice was honored by Defendant, and that she,

therefore, voluntarily resigned, Exhibit 3 does not, in itself, defeat Plaintiff's claims of retaliatory discharge.

However, Defendant also argues that Count III is doomed by Plaintiff's failure to identify a specific expression of public policy specifically addressing or prohibiting the "fraud" which she allegedly reported to the CEO. Under Illinois law, a plaintiff must allege that her discharge violates a clear mandate of public policy. *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 533 (1988). The "existence of a public policy, as well as the issue whether that policy is undermined by the employee's discharge, presents questions of law for the court to resolve." *Turner v. Memorial Medical Ctr.*, 233 Ill. 2d 494, 501 (2009) (collecting cases). To survive a motion to dismiss, plaintiff cannot rely on a "broad, general statement of policy." *Id.* at 502. Indeed, "[u]nless the employee identifies a clear mandate of public policy that is violated by the employee's discharge, the complaint will not state a cause of action for retaliatory discharge." *Id.* at 503.

In the instant case, Plaintiff's Complaint alleges that she "engaged in an activity at her employer which is protected by a clearly mandated public policy, as she notified the CEO of alleged internal criminal fraud within the Agency," and that her "discharge was motivated in whole or in part by notifying the Agency of the alleged criminal fraud." The "criminal fraud" Plaintiff alleges took place was the forgery of signatures on applications and payment information for individuals seeking assistance from Defendant, a not-for-profit agency. The Illinois Supreme Court has held that "'[p]ublic policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy.'" *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 132 (1981) (quoting *Joiner v. Benton Cmty. Bank*, 82 Ill. 2d 40, 44 (1980)). Plaintiff has, therefore, stated a cause of action for retaliatory discharge under Illinois law.

IV.    **Conclusion**

For the reasons outlined above, this Court recommends that Defendant's Motion to Dismiss or Strike **(#11)** be **DENIED** in its entirety. However, the Court recommends that

Defendants be afforded the opportunity to raise these arguments again at a later date, supported by additional facts, consistent with this report and recommendation.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 28th day of July, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE